THIS is a bill filed by John Quinn and Anne, his wife, late Anne Ashworth, Sarah Kane, late Sarah Ashworth, and Sterling Ashworth, three of the heirs of Nathan Ashworth, against Joel and Miller Ash-worth. the two remaining heirs, and also a grand daughter, by the name of Smith, who represented a deceased heir ; and also against the said Miller Ash-worth, George Shults and Robert Stockton, the administrators of the decedent, for the purpose of settle, ing the estate. The bill charges that although letters of administration were granted to the three last named persons, yet two of them declined acting ; and that Robert Stockton alone was the acting administrator ; and that the estate was not involved in debt; and yet the administrator aforesaid sold the personal estate, slaves and lands. That Miller Ashworth, one of the heirs and co-administrator, brought his action at law charging the estate with a demand in assumpsit; and that by collusion and fraud between him and the acting administrator, he recovered a judgment against the estate for the sum of near g>400 ; and that the admin, istrator made a motion for a new trial, but withdrew it on the said Miller’s remitting all except $>200 of the demand recovered.’ That Stockton had charged the amount of this judgment and costs against the estate, being the only debt claimed against it. This allowance they claim to set aside as unjust, and charge that not one cent was due. On this point the answer of Miller Ashworth one of the administrators, contends that the demand was just. That of Stockton, that it was unjust, that all legal defence was made against it j and that Sterling Ashworth, one of the complainants, was the important witness, by whom the claim was proved. The acting administrator alleges that being convinced that the judgment was too high he urged a *345 new trial; but on the plaintiff’s yielding part lie withdrew the motion, and let the judgment stand as the best that could be done. Sterling Ashworth is called upon to answer on oath, as to the correctness of this judgment, and as to the truth of its being procured by his testimony. He answers, admitting the correctness of the demand, and that knowing the truth of it, he had proved it before the jury ; and alleging that that charge was placed in the bill without his knowlege or consent. This completely destroys the right of Sterling Ashworth to insist on this point: and the rest have produced no testimony conducing to show that this judgment is founded on a demand unjust; pr that there was anyr collusion between the plaintiff and defendant, the acting administrator in that action. But it has been contended in argument, that the declaration and record at common law, which forms part of this, shows no cause of action, and that suspicion arises from the face of that record. We cannot conceive this argument well supported. It is true, the declaration is informal, and might not stand the test of strict scrutiny in a court of law on a special demurrer, or perhaps a general one. But it is such, as after verdict, might be supported ; and as it is not the business of the chancellor to decide such legal questions, but look at the substance, we can perceive nothing in the face of the record, which would authorise us to disregard it.
a judgmenfi' obtained by °ne adrrdpisüve other*”** touching the .estate of the evidence against the heirs although the . tor who^as |Jaintiff'never acted,
2. It is however contended, that the judgment proves nothing against the heirs, if this was a judg. inent against the administrator in favor of a stranger, we would not be willing to admit that it proved no. thing against the heirs. But it is a judgment rendered in favor of one administrator against another, touch, ing the estate. It is true, that the adm mistrator who is plaintiff, did not act. This, however, can make no material difference. He was legally the administra tor, and having become so jointly with others, the law did not indulg&nn issue between them, wherein the rights of the estate couid be litigated. This has been the decision of. this court, at the present term, between executors, in the case- of Saunders’ devisees vs Saunders’ executors ; where no credence is attached to a judgment between executors. In this respect there is no essential difference between executors and admin *346 ístraíórs. They all. in this case at least, must repre* sent one person, and cannot sue each other.
A settlement made by ad mithSthet0rS county court, except so far as it is immustbe’taken as prima ikcie correct, whichts ^im^ peached,im must be’ pointed out and success fully attackéd in proof,
An administrator ought charged Interest, except so far as lie has re-est, until msnd made by the chshim.
therefore, the claim to this demand, as a credit in favor of the administrator, rested on this judgmeat alone, we should feel disposed to disallow it. But this same demand is allowed as a credit in asetElement with the county court, apparent in the record; which as far as dates appear, was made previous. to the commencement of this suit. It is true, this settlejnent includes within it, the price for which the land and slaves were sold. So far, this settlement may be corrected tinder the pleadings in this cause. But according to the uniform decisions of this court, such se*ttlement, except so far as it is impeached, must be taken as prima fade, correct; and that part that is impeached, must be pointed out in pleading, and sue. cessfully attacked in proof. This claim of Miller Ashworth having been allowed in this settlement, and no proof being taken to impeach it, we cannot say in such state of evidence, that it ought to be disallowed.
4. Besides the amount of this judgment, there are sundry other items of credit, which appear reasonable aiu] st(Cj, as necessarily arise in the course of the ad. ministration. None of these except the said judgment liave been impeached. These credits then allowed by the county court, amount to the sum of $3Q8 19. The am0unt of the personal estate, exclusive of the land slaves, taken from the sale bill, is $525 96|. This sum lessened by the aforesaid credits, leaves a distributable surplus of only $217 77|. To this add advancements made by the intestate in his life time, to Sarah Kane, $41 30 ; to Miller Ashworth, $49 50; to Joel Ashworth, $107 63 ; to Anne Quinn, 31 dollars ; to Sterling Ashworth, 46 dollars; to the parents of the defendant Smith, 26; and the sum amounts to 519 17|- If to this sum be added, as the court below has done, the hire of the slaves, after the support of the young and the medical aid is deducted, as found by thejury.it amounts to only the sum of 648 dollars 17-2 cents, differing considerably from the sum adopted by the court below, which is 1051 dollars. How this difference has happened is not easy to be seen in the record That court must either have disallowed the credits allowed in the county court, which wc conceive ought not to have been done, or must have *347 calculated interest against the administrator, which he was not hound to account for, except so far as he had received interest, until a demand was made of him, to distribute. This interest being added, will not swell the balance to be distributed so great as is charged by that court. This error committed against the administrator, is carried throughout' the whole distribution, and must entitle the administrator to a reversal.
A bill in chancery for part.lf*,on ca]; ana ¡ike. a writ of par-m the°countv where the 1 land lies,
5. The decree of that court dismissing the bill as to the land, \yhich the administrator had improperly sold to a stranger, for want of jurisdiction in the court, was proper; because the land lay in another circuit which had jurisdiction of the cause; ami a writ of partition and a bill for partition, in which equity fob lows the law, are both local. But even if the bill bp considered as one to set aside the contract for the sale of the land, as made under a mistake of the powl ers of the administrators over it; yet, as most of the. heirs had joined in the conveyance and received part of the purchase money, the purchaser was evidently a necessary party to the suit for that purpose; and the redresf could not be granted without him.
But as the subject of the land is dismissed, so ought the price to be. Some who ratified the sale, have received from the administrator, who received it from the purchaser, "nearly or entirely the whole of the price. This they ought not to be compelled to refund to the administrator, ’ as the decree of the court below has compelled them, until it is .ascertained by proper investigation, that the sale is to be set aside. For if the ratification of the sale shall prove valid, and the purchaser shall keep it, and the heirs are compelled by a decree to restore it to the administrator, they must lose it without redress. The price of the land therefore, ought not to be blended with the.personal estate, or the hire or the price of the slaves.
The slaves were directed by the decree of the,court below, to be sold, and the price divided, as the sale of the administrator to himself was properly set aside.1 To this part of the decree, neither party have assigned error in this court; and under the decree which this court must render, the interest of the purchaser, tinder |he decree, may be protected by the parties in the *348 court below, or it may be a question, how far that interest will be affected, if at all.
the personal éstate must rate6 arcet& to be divided in kind, and must not be slaves? Wlt When distributees come into
6. As the decree must be reversed, according to the practice of this court, we must go back to the first er. ror apparent, although it is not especially assigned. Joel Ashworth is named as a defendant in the bill, ando an order of publication is made against him, and there is no proof that it was executed ; nor does there appear to be any process executed upon him,; nor is hia appearance entered. He is certainly a necessary party. All the advancements made by the intestate, were made out of the personal estate and none was made jn s]aves or lands. When distributees come into hatch P°t> ^ie Phonal estate must make a separate parcel, to be divided in kind. Nor do we conceive that personal estate advanced, ought, to be blended with slaves. According to this rule, it will be seen, that the advancements made to Joel Ashworth, will exceed his equal share of the personal estate ; which places a strong temptation before him to keep'out of the hatch pot, as to the personal estate, as he may be compelled to contribute. Moreover, if he does come in, it is beyond a doubt necessary to have him before the court, in order that, his sitare may be ascertained, before the complainants recover their share. For the want of him, the decree must be reversed in toto; and the cause remanded for new proceedings, for the purpose of bringing him before, the court.
As error is apparent on each side, each party must recover the costs of their respective appeals.